NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0241n.06

No. 22-3865

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| | ) | **FILED** |
| E.M. MCCAFFERTY, | ) | May 31, 2023 |
| | ) | DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant-Appellee. | ) | OPINION |
| | ) | |

Before: GIBBONS, LARSEN, and MURPHY, Circuit Judges.

LARSEN, Circuit Judge. E.M. McCafferty applied for Social Security disability insurance benefits in 2018, alleging that he no longer could work due to various physical and mental ailments. The agency denied McCafferty's application, and the district court affirmed the denial. We also AFFIRM.

I.

E.M. McCafferty applied for Social Security disability insurance benefits in July 2018, alleging that he no longer could work as of March 7, 2018. He reported various ailments, including chronic depression and recurring falls due to syncope (fainting) resulting in a history of fractures. The agency denied his application both initially and on reconsideration. McCafferty then appeared before an administrative law judge (ALJ), who, after hearing testimony from McCafferty, determined that McCafferty was not disabled and denied his application. After the Appeals Council denied McCafferty's request for review, he brought suit in federal court. The magistrate judge recommended affirming the ALJ's decision. McCafferty objected to the magistrate judge's

recommendation, but the district court overruled those objections and granted judgment in favor of the Commissioner. McCafferty now appeals.

II.

McCafferty challenges the district court's decision to affirm the denial of Social Security disability benefits. We review the district court's decision de novo. *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 561 (6th Cir. 2022). "This means that we, like the district court, will uphold the ALJ's decision unless the ALJ failed to apply the correct legal standards or made findings that were unsupported by substantial evidence." *Id.* (citation omitted).

McCafferty's brief on appeal is woefully deficient in detail and analysis, despite McCafferty being represented by counsel. The paucity of the legal analysis dooms the appeal.

McCafferty first argues that the ALJ failed to consider "the type of syncope [he] has had to endure." Appellant Br. at 5. The district court determined that McCafferty had forfeited this argument by not raising it in his opening brief in the district court. *See Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517–18 (6th Cir. 2010) (recognizing that a plaintiff forfeits a "claim raised for the first time in objections to a magistrate judge's report" (citation omitted)). On appeal, McCafferty doesn't mention the district court's forfeiture determination, let alone explain why the district court abused its discretion in finding the argument forfeited. *Cf. King v. Taylor*, 694 F.3d 650, 659 (6th Cir. 2012) ("We review a district court's ruling on forfeiture for an abuse of discretion."). He has therefore forfeited his ability to raise this claim on appeal. What's more, McCafferty doesn't point to a single piece of record evidence regarding "the type of syncope" he suffered from or what limitations it caused; he provides only a generic discussion of syncope from two medical websites. Appellant Br. at 5. We do not address arguments raised in a perfunctory

manner or unsupported by record citation. *See Buetenmiller v. Macomb Cnty. Jail*, 53 F.4th 939, 946 (6th Cir. 2022). This triple forfeiture prevents our review of McCafferty's claim of error.

McCafferty next faults the ALJ for not inquiring about his age, stating that "[b]ecause social security determinations rely on the age component, it is curious that age was not considered overall." Appellant Br. at 6. McCafferty also challenges a hypothetical used by the ALJ, arguing that "it did not [s]peak to [McCafferty's] condition," "fail[ed] to consider the type of syncope [McCafferty] has," and didn't consider his age. *Id.* at 7. McCafferty did not raise these arguments below, so they too are forfeited. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 513 (6th Cir. 2010) (declining to address an argument "raised for the first time on appeal"). And even if he had made these arguments below, his perfunctory treatment of them in this court, without elaboration or citation of record evidence, is insufficient to present them for our review. *See Buetenmiller*, 53 F.4th at 946.

McCafferty's failure to adequately preserve and address the relevant issues below and on appeal means we must affirm the district court's decision. Nonetheless, having reviewed the entire record, we also see no error in the district court's decision to affirm the denial of Social Security disability benefits.

\* \* \*

We AFFIRM.